IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL NATION, individually and as parent and next friend of J.N., a minor and CAROL NATION, individually and as parent and next friend of J.N., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>PIEDMONT INDEPENDENT SCHOOL DISTRICT NO. 22 and HOLLY NOELLE MORRIS,<br><br>Defendants. | Case No. CIV-18-1090-R |

**ORDER**

The Court will conduct oral argument on the Motion for Summary Judgment filed by Defendant District on Monday July 19, 2021, at 9:00 a.m. The parties should be prepared to address the issues set forth below.

Like a municipality, a school district may not be held liable under § 1983 solely because it employs a tortfeasor. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). Rather, to hold the District liable under 42 U.S.C. § 1983, Plaintiffs must establish that the execution of a government's policy or custom caused the constitutional injury allegedly inflicted by Holly Morris. See *id.* at 403–04 ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of [...] those officials whose acts may fairly be said to be those of the municipality."). In the Tenth Circuit, a municipal policy or custom may take many forms, including the theory

upon which Plaintiffs rely, the failure to adequately train or supervise employees. A failure to train or supervise may provide a basis for municipal liability so long as that failure results from deliberate indifference to the injuries that may be caused. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citing *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010)).

> The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.

*Barney v City of Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1988)(internal quotation marks and citations omitted).[1]

In response to Defendant's motion for summary judgment, Plaintiffs argue that notice is undisputed, citing three events that occurred in September 2017. Plaintiffs rely on a September 15, 2017 meeting between Holly Morris and the Nations wherein they asked about two bruises on J.N, an admittedly vague statement by Tanya Caraballo to principal

---

[1] Plaintiffs cite to the caselaw that permits a finding of deliberate indifference in the absence of a pattern of tortious conduct, but limit their argument to a single sentence:

> Even if the Court does not view the pervasive abuse which took place in Morris' room in the 2017-18 school year as the type of pattern giving rise to deliberate indifference on the part of District, the consequences of its failure to train on reporting abuse and bullying is highly predictable and patently obvious: students like J.N. will continue to be subjected to the abuse and bullying. [Doc. 81, p. 22]

Plaintiffs should be prepared to address this issue in greater detail specifically as it relates specifically to the alleged constitutional violation in this case.

McDonald in September, and a complaint by Defendant Morris during that same time period that her classroom was chaotic. It is not apparent from the Plaintiffs' argument, however, that any of these three events, in isolation or cumulatively, established a pattern of unconstitutional behavior by Mrs. Morris so as to constitute notice.

If the Court were to find that these initial complaints did not establish a pattern and therefore did not provide the District notice, either constructive or actual, Plaintiffs could rely on Ms. Caraballo's later, more specific complaints to principal McDonald. Plaintiffs should be prepared to identify what events were contained in Ms. Caraballo's second statement to Mr. McDonald and to identify any alleged violation of J.N.'s constitutional rights that occurred after her second complaint.² Plaintiffs should also be prepared to address how the District was deliberately indifferent via specific supervisory deficiencies after that date and Defendant should be prepared to respond accordingly.

In support of their theory that the District failed to train, Plaintiffs argue that employees were not trained on the reporting of child abuse and bullying. Plaintiffs should be prepared to address specific alleged deficiencies in training as to both Defendant Morris and other school employees, i.e., those persons who witnessed but did not report alleged constitutional violations.³ "In limited circumstances, a local government's decision not to train certain employees...to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61

---

² For example, Plaintiffs argue that while the District was allegedly supervising Morris she "regularly took J.N. to the bathroom by herself in violation of school policy." (Doc. No. 81, p. 20). A school policy violation would not provide a basis for § 1983 liability by the District unless it also violated J.N.'s constitutional rights.

³ Plaintiffs' expert opines that Holly Morris's training was inadequate, but they do not present any argument directly addressing Holly Morris in the "Failure to Train" portion of their response brief.

(2011). Plaintiffs should be prepared to address how the alleged failure to train paraprofessionals on reporting abuse when they are not the alleged violators of J.N.'s rights provides a basis for imposing liability on the District.

Finally, the Court's review of the summary judgment record reveals that certain pages cited by Plaintiff were omitted from the exhibits. Plaintiff shall supplement the record by filing the following: pages 23 and 30 to Exhibit 1, and pages 202 and 212 of Exhibit 2.

**IT IS SO ORDERED** this 16th day of July 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE