## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RUSSELL NATION, individually )
and as parent and next friend of J.N., )
a minor and CAROL NATION, )
individually and as parent and next )
friend of J.N., a minor, )
           )
        Plaintiffs, )
           )
v. )     Case No. CIV-18-1090-R
           )
PIEDMONT INDEPENDENT SCHOOL )
DISTRICT NO. 22 and HOLLY )
NOELLE MORRIS, )
           )
        Defendants. )

### ORDER

Before the Court is the Motion for Partial Summary Judgment filed by Defendant Holly Morris (Doc. No. 77), directed to the claims of Russell and Carol Nation, individually, whereby each seeks damages for alleged emotional distress. Plaintiffs responded in opposition to the motion and Defendant filed a reply in support of her position (Doc. Nos. 80 and 83). Upon consideration of the parties' submissions, the Court finds as follows:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of showing that no genuine issue of material fact exists. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The Court resolves all factual

disputes and draws all reasonable inferences in favor of the non-moving party. *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–13 (10th Cir. 2014).   However, the party opposing a motion for summary judgment may not rely on "[t]he mere existence of a scintilla of evidence in support of [its position]; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986) (explaining that the opposing party must make a showing sufficient to establish the existence of those elements essential to that party's case).

Plaintiffs filed this action on behalf of themselves and their minor child, J.N., who is non-verbal and autistic, for injuries allegedly inflicted by Defendant Morris, who served as J.N.'s teacher at Piedmont Middle School.  Plaintiffs allege that J.N. was physically and verbally abused while at school.  Plaintiffs contend they suffered emotional distress as a result of the harm allegedly inflicted by Ms. Morris.  Plaintiffs, individually, seek to recover from Defendant Morris on a theory of intentional infliction of emotional distress. Defendant Morris contends that their claims are not cognizable under Oklahoma law, because Mr. and Mrs. Nation were not directly involved in the incidents whereby J.N. was allegedly injured by Ms. Morris.  Plaintiffs admit they did not witness Ms. Morris mistreat J.N., their minor child.  Although Plaintiffs admit the above, they contend that Carol Nation had near daily contact with Ms. Morris, that they communicated via text message and that Mr. Nation saw Ms. Morris while dropping J.N. at school.  They argue that they trusted her, invited her into their home for J.N.'s birthday, and communicated with her regarding the origin of bruises they found on J.N.  Plaintiffs contend that recent updates to the

Oklahoma Uniform Jury Instructions indicate a shift in Oklahoma law, such that the authorities upon which Defendant Morris relies no longer require that summary judgment be granted in her favor.

Plaintiffs are correct that the Oklahoma Supreme Court recently updated the "*Notes on Use*" section of Oklahoma Uniform Jury Instruction 20.1, which sets forth the elements of liability for an intentional infliction of emotional distress claim.[1]   The Oklahoma Supreme Court removed the following:

> The Oklahoma Supreme Court decided in *Kraszewskii v. Baptist Ctr.,* 1996 OK 141, 916 P.2d 241, that a claim for intentional infliction of emotional distress could arise from a plaintiff's witnessing an accident, if 1) the plaintiff was directly physically involved in the accident, 2) the plaintiff was damaged from viewing the injury, rather than from learning of it later, and 3) the plaintiff had a familial or other close relationship with the person whose injury gave rise to the plaintiff's mental anguish.  1996 OK 141, ¶ 18, 916 P.2d at 250.  If any of these matters are in controversy and need to be presented to the jury, the trial judge should draft an appropriate instruction.

2020 OK 3.  Although the Oklahoma Uniform Jury Instructions are instructive as to the state of Oklahoma law, the Court does not read modifications to the instructions as changes in the substantive law set forth by the relevant courts.[2]  The position of the Oklahoma courts is set forth in a recent unpublished decision of the Tenth Circuit.

> "To recover damages for intentional infliction of emotional distress [('IIED')], a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the

---

[1] The elements of the claim did not change.

[2] As noted by the court in *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020),
> … Oklahoma jury instructions are not treated as definitive, *see Mitchell v State*, 387 P.3d 934, 943 (Okla. Crim. App. 2016) ("Trial courts should use the uniform jury instructions *if* they state the applicable law." (emphasis added)); Okla. Stat. Ann. tit. 12 § 577.2 ("Whenever Oklahoma Uniform Jury Instructions (OUJI) contains an instruction applicable in a civil case or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions shall be used unless the court determines that it does not accurately state the law.").

> defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Comput. Publ'ns, Inc. v. Welton,* 49 P.3d 732, 735 (Okla. 2002).  Additionally, Oklahoma has adopted a bystander rule:  to recover, the plaintiff must have been "directly physically involved in the incident." *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.,* 916 P.2d 241, 250 (Okla. 1996)*; see also Ridings v. Maze*, 414 P.3d 835, 840 (Okla. 2018) ("The bystander Plaintiffs were not directly involved in the accident … and their claims for negligent and intentional emotional distress … must be dismissed")

*Lynch v. Bd. of Cnty. Comm'rs of Muskogee Cnty., Oklahoma*, 786 F. App'x 774, 789 (10th Cir. 2019).  Accordingly, it is apparent to the Court that the intentional infliction of emotional distress claims of Russell and Carol National cannot be premised on any distress they suffered as a result of injuries inflicted by Ms. Morris on their son, J.N.  That is, to avoid summary judgment, Plaintiffs Russell and Carol Nation may rely only on actions directed toward them.  The only evidence presented by Plaintiffs in response to the summary judgment motion is evidence of two meetings between the Nations and Defendant Morris wherein she allegedly lied and indicated she did not know how J.N. obtained certain scratches and bruises.  (Doc. No. 80-1, pp. 6 and 8).  The Court finds this evidence insufficient to sustain a claim for the intentional infliction of emotional distress.[3]

For the reasons set forth herein, Defendant Morris's Motion for Partial Summary Judgment is GRANTED.

---

[3] Defendant argues in her Reply that Plaintiffs are limited to the claim pled in the Amended Complaint, wherein they alleged they suffered severe emotional distress due to the abuse directed toward their son.  However, the Tenth Circuit recognizes that "[a]n issue raised for the first time in a motion for summary judgment may properly be considered a request to amend the complaint, pursuant to Federal Rule of Civil Procedure 15."  *Pater v. City of Casper,* 646 F.3d 1209, 1299 (10th Cir. 2011).  Accordingly, had Plaintiffs submitted sufficient evidence to support their theory of liability, the failure to include such allegations in the Amended Complaint, absent a valid claim of prejudice to Defendant, would not preclude their ability to pursue such a theory.

IT IS SO ORDERED this 23rd day of July 2021.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**