IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RUSSELL NATION, individually and as parent and next friend of J.N., a minor and CAROL NATION, individually and as parent and next friend of J.N., a minor,**<br><br>Plaintiffs,<br><br>v.<br><br>**PIEDMONT INDEPENDENT SCHOOL DISTRICT NO. 22 and HOLLY NOELLE MORRIS,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-18-1090-R<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider (Doc. No. 107), to which Defendant District has filed a response. (Doc. No. 111). Upon consideration of the parties' submissions, the Court finds as follows.

The Court previously granted summary judgment to the District on Plaintiffs' 42 U.S.C. § 1983 claims, concluding that Plaintiffs lacked evidence that the District, after receiving notice of abuse of J.N. by Holly Morris, failed to train its employees such that the failure resulted in a subsequent violation of J.N.'s constitutional rights. Plaintiffs contend the Court overlooked a piece of evidence that establishes that J.N. suffered abuse by Holly Morris in January 2018 and that new evidence establishes that the District had notice of alleged abuse in May 2017, and therefore the abuse in the fall of 2018 is sufficient to sustain a claim against the District.

"A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted). Plaintiffs rely on an email that Mrs. Nation sent to Detective Salkil of the Piedmont Police Department. The email, which simply states, "[t]hese are the scars remaining from his forehead scratches which occurred not long after Christmas Break" is too vague to support Plaintiffs' claim. There is no indication therein of how the scratches were caused and the Court cannot assume that all scratches and bruises were the result of abuse by Holly Morris.

Plaintiffs also rely on newly discovered evidence, testimony from the July 20, 2021 deposition of Lynda White, Special Education Coordinator for the District.

> Q: And were you informed of any reason why you should be in that classroom more during the '17 and '18 school year?
> A: No, no.
> Q: Did you ever instruct an administrator to be in that classroom more often in that building?
> A: That year?
> Q: In '17 and '18.
> A: The prior – the end of '16-'17, I had knowledge that a para had concerns about language used or how kids were treated in that classroom, made a suggestion to the assistant principal, who officed next to me, that it might behoove him, since he did the evaluation, to maybe do some just walk-throughs, unannounced, just to see if he heard anything or if any – just to let the teacher know that the presence was there.

> Q: How were you informed of that information, how did you come about the knowledge that led you to believe that more presence was necessary?
> A: Because a para had approached, mentioned it to be at the end of that school year, she was leaving, was going to resign, not necessarily because of that, but some other reason, but anyway, she had mentioned that she didn't like how some of the language was and how the kids were being treated, she didn't specify.

Doc. No. 107-1, pp. 2-3. Much like the testimony of Tanya Caraballo regarding her first report to officials of the District—addressed in the Court's original summary judgment order—this testimony is too vague. The information conveyed to Lynda White was not sufficient to provide the District with notice that the failure to provide additional training after the 2016-17 school year was substantially certain to result in the violation of J.N.'s rights by Holly Morris. Thus, there is no basis under Rule 59(e) for reconsideration of the Court's order granting summary judgment to the District.

**IT IS SO ORDERED** this 8th day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE