IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL NATION, individually and as parent and next friend of J.N., a minor and CAROL NATION, individually and as parent and next friend of J.N., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>PIEDMONT INDEPENDENT SCHOOL DISTRICT NO. 22 and HOLLY NOELLE MORRIS,<br><br>Defendants. | Case No. CIV-18-1090-R |

## ORDER

Following the Court's decision to grant Defendant District summary judgment on Plaintiffs' § 1983 claim, and dismissal of the remaining claims by Plaintiffs, Defendant filed a timely Bill of Costs, seeking taxation of costs for removal, transcripts, printing, and witnesses. (Doc. No. 113). On November 4, 2021, the Clerk, over Plaintiffs' objection, taxed costs in the amount of $4,119.69, reducing the printing fee from $78.00 to $54.75 and the witness fees from $1800.00 to $40.00. On November 11, 2021, Plaintiffs filed a Motion to Review Taxation of Costs (Doc. No. 125), relying on Rule 54(d). Defendant District has filed a Response (Doc. No. 127). Upon consideration of the parties' submissions, the Court finds as follows.

Without citation to legal authority Plaintiffs contend that Defendant District's motion is premature because the issue of whether the Court properly granted summary

judgment to Defendant District is pending on appeal. As noted by the District in its response, the issue of costs is not stayed pending appeal. Plaintiff's objection to the Clerk's taxation is overruled on this basis.

Plaintiffs' second objection to the Clerk's taxation of costs generally does not object to particular costs *per se.*[1] Citing limited financial resources and financial disparity between the parties, Plaintiffs argue the Court should exercise its discretion to reduce or eliminate the costs awarded. Although the Court is sympathetic to the Nations' plight, this is not a situation where an entity with large profits or unlimited income streams faced litigation by indigent persons. Mr. Nation has apparently remained employed at a bank during the pandemic and Mrs. Nation intends to seek re-employment as a physical therapy assistant. Accordingly, the Court declines to exercise its discretion to reduce the taxed costs by the Clerk.

Finally, as part of their second argument Plaintiffs challenge certain amounts that the Clerk did not reduce from Defendant's request. Specifically, Plaintiffs argue that "[t]here is no consensus on the taxation of costs for the deposition of parties; and moreover whether such depositions once taken require transcription. The Court has discretion to deny transcription costs when the same was not reasonable and necessary." (Doc. No. 125, p. 5)(citing Plaintiff's Objection to the Bill of Costs). 28 U.S.C. § 1920(2) permits the recovery of costs related to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff's initial objection argued that because

---

[1] Plaintiffs do argue that the Court should reduce the costs taxed for depositions, citing the brief submitted to the Clerk in opposition to the Bill of Costs.

two of the witnesses were not deposed until after Defendant District filed its motion for summary judgment, their transcripts were not necessarily obtained for use in the case.[2] The Court concludes that transcripts of the depositions were necessarily obtained for use in the case. There is no requirement that a prevailing party actually use a transcript at trial or in pretrial motions in order to recover the cost thereof. *See Hetronic Intl., Inc. v. Hetronic Germany GmbH*, No. 21-6109, 2021 WL 5023323, *3 (10th Cir. Oct. 29, 2021)(noting that the Tenth Circuit has rejected the theory that "a district court may only award costs for depositions the district court actually used in deciding summary judgment, or for depositions that were, at the very least, designated for trial.")(citing *In re Williams*, 558 F.3d 1144, 1149 (10th Cir. 2009)). Here, the Court finds that although the depositions were not taken until after the summary judgment motion was filed Defendant could not anticipate at that juncture that they would not be used at trial. The Court declines Plaintiff's request to find certain deposition costs were not necessarily obtained.

For the reasons set forth herein, the Court hereby OVERRULES Plaintiff's Motion for Judicial Review of Decision on District's Bill of Costs.

**IT IS SO ORDERED** this 8th day of December 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds that the taxation of the cost of removal is proper and declines to adjust the $400.00.